NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL FARAH, <br><br>         Plaintiff-Appellant, <br><br>   v. <br><br> WELLS FARGO HOME MORTGAGE, INC.; U.S. BANK N.A., as trustee for Bear Stearns Arm Trust, Mortgage Pass-through Certificates Series 2005-10, <br><br>         Defendants-Appellees. | No. 14-15357 <br><br> D.C. No. 5:13-cv-01127-PSG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding[**]

Submitted November 16, 2016[***]

Before:     LEAVY, BERZON, and MURGUIA, Circuit Judges.

Paul Farah appeals pro se from the district court's judgment in his diversity

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

action alleging state law claims related to the foreclosure of his home. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under Federal Rules of Civil Procedure 9(b) and 12(b)(6). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). We affirm in part, vacate in part, and remand.

The district court properly dismissed Farah's "unlawful transfer of title and possession of property" claim, which we treat as a wrongful foreclosure claim, because Farah did not allege facts sufficient to show that he tendered or could have tendered the full amount of the debt, or any facts entitling him to an exception to the tender rule. *See Lona v. Citibank, N.A.*, 134 Cal. Rptr. 3d 622, 640-42 (Ct. App. 2011) (setting forth the tender requirement and its four exceptions).

The district court dismissed Farah's fraud claim under Federal Rule of Civil Procedure 9(b). However, the district court overlooked Farah's allegations that on May 31, 2012, three specific Wells Fargo employees, Jessica, Alton, and Ajay, mislead him by stating that his short sale offer and request to postpone the foreclosure sale were "in process," without also disclosing that the foreclosure sale was set to proceed on the following day, in order to prevent Farah from filing for bankruptcy to avert the sale. Farah further alleged that Wells Fargo employees,

including his home preservation specialist Barbara Gaiter, had exclusive knowledge of, but failed to disclose, the rejection of his short sale offer in May 2012. In light of these additional allegations regarding nondisclosure of material information, we conclude that the district court erred in dismissing Farah's fraud claim against Wells Fargo Home Mortgage. *See LiMandri v. Judkins*, 60 Cal. Rptr. 2d 539, 543 (Ct. App. 1997) (setting forth circumstances, including exclusive knowledge or partial suppression of material facts, in which nondisclosure constitutes actionable fraud); *see also Neubronner v. Milken*, 6 F.3d 666, 671-72 (9th Cir. 1993) ("A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." (citation and internal quotation marks omitted)). Accordingly, we vacate the judgment as to Farah's fraud claim against Wells Fargo Home Mortgage and remand for further consideration consistent with this disposition.

Farah's amended motion for an extension of time to file the opening brief, filed on December 2, 2014, is denied as moot.

Each party shall bear its own costs.

**AFFIRMED in part, VACATED in part, and REMANDED.**

14-15357